UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                          Criminal No. 06-145 DSD/AJB

           Plaintiff,

v.                               **REPORT AND RECOMMENDATION**

NOBUMOCHI FURUKAWA,

           Defendant.

Michelle E. Jones, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Scott Tilsen, Esq., Assistant Federal Defender, for the defendant, Nobumochi Furukawa.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on August 17, 2006, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415.  The Court issued an Order on Motions dated August 21, 2006, reserving motions to suppress statements and search and seizure evidence, and motion for dismissal of the indictment, for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with witness testimony and exhibits received at hearing, the Magistrate Judge makes the following:

**Findings**

United States Customs and Border Protection Officer Jeffrey R. Schmidt was on duty at Minneapolis/St. Paul International Airport during the afternoon hours on April 20, 2006.  Officer Schmidt typically works an 11:30 a.m. to 7:30 p.m. shift, and airport customs officers typically work at

different stations during the course of a work shift.  Officer Schmidt had earlier been working the passport inspection area, but was conducting baggage searches when he encountered defendant Nobumochi Furukawa at approximately 1:30 p.m.  Mr. Furukawa was being processed through United States customs upon arrival on an international Northwest Airlines flight from Tokyo, Japan.  He was waiting in line for a routine inspection after being been referred from passport screening to "baggage control secondary" based upon a computer screen alert indicating that he may have purchased access to a Internet site that contained child pornography.  The referral was made by Customs Officer Bulov.  Officer Schmidt first obtained the defendant's travel documents, including his passport and a customs declaration.  Defendant indicated that he was returning to his office in New York following a business trip to the Philippines.  After examining the defendant regarding any customs declarations, the officer obtained a binding declaration.  Officer Schmidt was not aware of any particular reason for defendant's referral for baggage search until he checked the computer screen after obtaining the binding declaration.  The officer then proceeded to examine Mr. Furukawa's checked and carry-on luggage and found that the defendant was carrying a laptop computer and an external hard drive.  Officer Schmidt promptly opened the laptop, booted up the computer, and asked the defendant to sign in and enter his password.  The officer designated the Windows 2000 operating system and the defendant entered his screen name and password without objection.  After gaining access to the designated program, Schmidt began a search for video and picture files which are construed as merchandise for customs purposes.  The officer discovered a file list and thumbnail photos which included materials that were suspected to be pornographic.  At that time he took the computer to his supervisor's office so that the screen would not be open to public viewing.  Upon further examination of the files Officer Schmidt observed photos

which appeared to be pictures of pre-teen girls engaged in acts of a sexual nature.  He also found materials that were on the computer in violation of copyright protections and those materials were deleted or destroyed on site.  The officer then closed the laptop computer and called his duty supervisor.  In addition, agents from Immigration and Customs Enforcement were contacted.  The laptop was seized along with 14 other items.  Officer Schmidt's search lasted approximately one-and-a-half hours.

ICE Special Agent Paul Nichols arrived at the airport customs area at approximately 3:00 p.m.  There he met with Special Agents Lang, Boyle and Yira, and the agents were briefed on the circumstances.  The agents found and reviewed images on the laptop computer which were determined to be representations of child pornography.  Meanwhile, Special Agent Lang, a computer forensics specialist, examined the external hard drive containing approximately 30,000 files and discovered numerous additional file names that suggested the existence of pornography.

Special Agent Nichols thereafter met with the defendant and identified himself.  The agent read aloud the <u>Miranda</u> rights from a written U.S.I.C.E.  Statement of Rights form (Hearing Exh. No. 1).  The defendant stated that he understood each of his rights as they were read to him, and he himself read the rights.  Mr. Furukawa printed his name and signed and dated the express waiver of rights contained on the bottom of the Statement of Rights form.  The signature was witnessed in writing by Special Agent Nichols and Yira.  At that time the defendant had not been placed under arrest and was not in handcuffs, though he was not free to leave.  The defendant and the agents were located in a corner in the secondary inspection area which is not open to the public.  Defendant Furukawa stated that he was willing to answer questions and that his occupation was Internet business consulting.  He

indicated that his occupation involved searching the Internet for pornography and that he sometimes encountered child porn as an incident to the occupation, particularly as part of a mass download of pornographic materials, but that his clients were not producers of child pornography. The defendant acknowledged that he owned the laptop and the external hard drive that were examined by customs agents. He was cooperative and provided appropriate answers to questions posed by agents, but he did not himself ask any questions, and he declined to answer certain questions. The interview lasted approximately one hour and there was no request that questioning cease and no request for the assistance of an attorney. During the interview the defendant was provided water on request and no threats were made to induce cooperation. He was advised that the reason for his detention was the discovery of child pornography on his computer. Defendant's passport indicates that he was born in 1969. In addition to the oral interview questions, the defendant provided written answers to some but not all of the written questions that were presented to him on a typed DHS/ICE Computer Forensics form (Hearing Exh. No. 3). The questions and answers on the form related to defendant's computer ownership, operating systems, and user and sign-on names and passwords. Mr. Furukawa described himself as an "expert user" in response to a question on the forensics form, and he provided a list a e-mail addresses.

**Search Warrants.** On May 10, 2006, United States Magistrate Judge Franklin Noel issued a warrant to search the Dell laptop computer and the external hard drive at issue in this case, along with other electronic devices. (Hearing Exh. No. 2). The search warrant identified the objects of the warrant as a Dell laptop computer, a Seagate external hard drive, three particularly described cellular phones, a fingerprint reader, an Ipod, and a Sony Ericsson Vodaphone. The warrant was

issued on the basis of probable cause contained in the Affidavit of ICE Special Agent Paul Nichols, including previously discovered electronically stored materials and defendant's own statements.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Dismissal of Indictment.** Dismissal of the indictment on grounds that it is unconstitutionally vague because it fails to advise the defendant of all the elements of the charges against him is not required. Defendant's motion to dismiss is essentially based upon the contention that the indictment does not expressly identify each of the separate evidentiary items that supports the charge. The indictment was based upon the grand jury's determination that probable cause existed for the charge, and there is no requirement that the indictment recite all the evidence upon which the existence of probable cause is determined. Whether the government has sufficient evidence to obtain a conviction, or survive a motion for acquittal on the charge, is for determination at trial. Dismissal at the pretrial stage is not warranted.

**Customs Search.** Suppression of evidence obtained in the course of a customs inspection of defendant's belongings, including a laptop computer and external hard drive, is not required. Routine border searches are an exception to the requirement for a search warrant and are not subject any requirement of reasonable suspicion or probable cause. United States v. Montoya de Hernandez, 473 U.S. 531, 541, 105 S.Ct. 3304 (1985). Some grounds for suspicion may be required to conduct highly intrusive searches which will affect the personal dignity or privacy interests of the person being searched, but such personal dignity or privacy interests do not come into play when considering the search of computer hard drives. United States v. Flores-Montano, 541 U.S. 149, 124

S.Ct. 1582, 1585 (2004)(personal dignity and privacy interests of persons being searched do not carry over to property, i.e. vehicles, subject to a border search)(see United States v. Romm, 455 F.3d 990, 997 (9th Cir. 2006)(reasonable suspicion for laptop search not required, particularly in light of Flores-Montano). Furthermore, there is no argument or evidence in this instance that the hard drive searches entailed a destruction of property that would arguably compel the conclusion that some level of suspicion should be required before the search is undertaken. Flores-Montano, 124 S.Ct. at 1587. In any event, reasonable suspicion to justify the computer search existed on the basis of the alert indicating that defendant may have purchased access to a Internet site that contained child pornography

**Statements.** Defendant Nobumochi Furukawa's statements during customs inspection were not the fruit of unlawful search and seizure and suppression of statements is not required on that account. Furthermore, defendant Furukawa's interview statements were not fruit of a poisonous tree or the result of unlawful interrogation and suppression is not required. Mr. Furukawa's custodial statements to ICE Special Agent Paul Nichols were provided voluntarily and were not obtained in violation of defendant's constitutional rights. Defendant was properly advised and was able to understand and comprehend his rights pursuant to Miranda. He executed a written Statement of Rights, including an express waiver those rights (Hearing Exh. No. 1). The defendant did not request the assistance of an attorney and did not request that questioning cease. He was not subjected to force, threats, or promises as inducement for his cooperation, and he was not under the influence of drugs or alcohol. Upon considering the totality of circumstances, the court concludes that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning.

**Search Warrant.**  Evidence seized pursuant to a warrant to search the Dell laptop computer and the external hard drive at issue in this case, along with other electronic devices (Hearing Exh. No. 2), was not unlawfully obtained as the fruit of a poisonous tree and was not otherwise obtained in violation of the constitutional rights of defendant Nobumochi Furukawa.  The search warrant was issued on May 10, 2006, and was based upon sufficient probable cause as stated in the Affidavit of ICE Special Agent Paul Nichols and as determined by United States Magistrate Judge Franklin Noel.  The warrant properly and sufficiently identified the location of the search and the materials to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Nobumochi Furukawa's Motion to Dismiss Indictment for Failure to State an Offense be **denied** [Docket No. 35];

2. Defendant Nobumochi Furukawa's Motion to Suppress Statements, Admissions and Answers be **denied** [Docket No. 38]; and

3. Defendant Nobumochi Furukawa's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 42].

Dated: September 11, 2006

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 25, 2006.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.