UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-145(DSD/AJB)

United States of America,

       Plaintiff,

v.                                                              **ORDER**

Nobumochi Furukawa,

       Defendant.

This matter is before the court upon defendant Nobumochi Furukawa's motion to dismiss the indictment or, alternatively, to exclude evidence the government has not disclosed. For the reasons stated, defendant's motion is granted in part.

**BACKGROUND**

On August 21, 2006, Magistrate Judge Arthur J. Boylan granted defendant's motion for disclosure and ordered the government to identify and disclose its expert witnesses and opinion summaries, as required by Brady v. Maryland, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16. The magistrate judge ordered the government to make such disclosures "*at least* two weeks before trial," which at that time was set for September 25, 2006. The court has since granted both parties' motions to continue the trial in this matter, currently scheduled for December 4, 2006. Specifically, on August 30, the court granted defendant's motion for a one-month continuance based upon, among other things, his

need to have adequate time to prepare expert testimony to rebut expected but then-undisclosed expert testimony of the government. In addition, the court granted the government two subsequent continuances upon a finding that the continuances best serve the ends of justice.  See 18 U.S.C. § 3161(h)(8).

Defendant has requested that the government disclose the expert witnesses it intends to use during its case-in-chief and summaries of their testimony pursuant to its disclosure obligations under Rule 16(a)(1)(F) and (G).  Defendant has also requested access to items currently in the government's possession that were seized from the defendant's New York residence and place of business, as well as any written summaries of the items seized, pursuant to Rule 16(a)(1)(E)(iii).  On September 21, 2006, defendant filed a motion to sanction the government for its nondisclosure by dismissing the indictment or, alternatively, excluding from trial all evidence the government has not disclosed in violation of its obligations under Rule 16.  On November 3, 2006, defendant filed a supplemental memorandum of law, asserting the government has not disclosed any requested information.

**DISCUSSION**

The court has broad discretion to determine an appropriate sanction when a party fails to comply with its Rule 16 discovery obligations, which may include ordering disclosure, granting a

continuance or excluding the nondisclosed items from evidence. See Fed. R. Crim. P. 16(d)(2). However, when the court sanctions the government for failure to obey court orders "it must use the least severe sanction which will adequately punish the government and secure future compliance." United States v. DeCoteau, 186 F.3d 1008, 1010 (8th Cir. 1999); see also United States v. Johnson, 228 F.3d 920, 925 (8th Cir. 2000) (abuse of discretion to exclude expert testimony based upon government's untimely disclosure when less severe sanction available). To determine whether exclusion from evidence is appropriate, the court considers the following factors: whether the government has acted in bad faith, the reasons cited for the government's delay in production, any resultant prejudice to the defendant and whether a lesser sanction is appropriate under the circumstances. United States v. Pherigo, 327 F.3d 690, 694 (8th Cir. 2003); United States v. Davis, 244 F.3d 666, 670 (8th Cir. 2001). Dismissal of an indictment is a disfavored remedy and is appropriate only upon a finding of flagrant prosecutorial misconduct that caused the defendant substantial prejudice. United States v. Manthei, 979 F.2d 124, 126 (8th Cir. 1992).

In response to defendant's motion, the government asserts only that it is in compliance with the time frame specified by the magistrate judge, which was "at least two weeks prior to trial." The court agrees. The government's nondisclosure at this point

3

does not technically violate the magistrate judge's order in light of the continuance of defendant's trial date. The court finds that there is no indication that the government has acted in bad faith in its nondisclosure. However, other than technical compliance with the time frame ordered by the magistrate judge, the government offers no substantive reason why it has not disclosed the requested information. Defendant correctly argues that "[f]airness requires that adequate notice be given the defense to check the findings and conclusions of the government's experts." United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1983). Defendant, however, has not identified a specific manner in which he has been prejudiced by the nondisclosure at this stage in the proceedings. Trial is currently scheduled for December 4, 2006, and the court finds that upon prompt disclosure by the government of the information defendant has requested, including its experts and summaries of their testimony, defendant will have adequate time to prepare a defense.

In light of the foregoing considerations, the court concludes that neither dismissal of the indictment nor exclusion from evidence of the expert testimony is warranted. However, defendant has requested information under Rule 16 to which he is entitled, and the government has not provided that information. Therefore, the court will order the government to provide defendant the information requested, and to which he is entitled, no later than

November 13, 2006.  Specifically, pursuant to Rule 16(a)(1)(E), the government shall permit defendant to inspect and copy items currently in the government's possession that were obtained from or belong to the defendant.  In addition, pursuant to Rule 16(a)(1)(F) and (G), the government shall permit defendant to inspect the "results or reports of any physical or mental examination and of any scientific test or experiment" the government intends to use in its case-in-chief and provide defendant written summaries of any testimony it intends to use at trial under Federal Rules of Evidence 702, 703 and 705.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1.   Defendant's motion to dismiss the indictment or to exclude from evidence [Docket No. 57] is granted in part.

2.   The government shall comply with its disclosure obligations under Federal Rule of Criminal Procedure 16(a)(1) no later than November 13, 2006.

Dated:  November 7, 2006

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court