```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
              Criminal No. 06-145(DSD/AJB)
```

United States of America,

       Plaintiff,

v.                                                              **ORDER**

Nobumochi Furukawa,

       Defendant.

This matter is before the court upon defendant Nobumochi Furukawa's objections to Magistrate Judge Arthur J. Boylan's report and recommendation, dated September 11, 2006. In his report, the magistrate judge recommended that defendant's motions to dismiss the indictment, to suppress statements and to suppress evidence be denied. For the reasons stated, the court adopts the report and recommendation of the magistrate judge.

**DISCUSSION**

The court makes a de novo determination as to the portions of the magistrate judge's report and recommendation to which defendant objects. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).

**I.  Motion to Suppress Evidence**

Relying on <u>United States v. Flores-Montano</u>, 541 U.S. 149 (2004), the magistrate judge determined that suppression of the evidence seized from defendant's laptop is not warranted because

a heightened level of suspicion is not required before customs agents may search a hard drive. The magistrate judge further found that even if a reasonable suspicion was necessary to justify the search of defendant's computer, that requirement was met based on the alert triggered when defendant passed through customs. Defendant objects, arguing that personal electronic storage devices deserve the same protections under the Fourth Amendment as an individual's "papers and effects" and that a reasonable suspicion is therefore required before a customs agent can search those devices. U.S. Const. amend. IV. Defendant also objects to the magistrate judge's finding that the customs agent had a reasonable suspicion that defendant possessed child pornography.

To prevent entry of contraband into the country, customs officials may conduct routine searches and seizures at the border without a warrant, probable cause or a reasonable suspicion. <u>United States v. Montoya de Hernandez</u>, 473 U.S. 531, 537 (1985); <u>United States v. Oyekan</u>, 786 F.2d 832, 835 (8th Cir. 1986). Routine border searches are reasonable "by virtue of the fact that they occur at the border," where the government's interest in preventing entry of "unwanted persons and effects is at its zenith." <u>United States v. Flores-Montano</u>, 541 U.S. 149, 152-53 (2004). However, nonroutine border searches require a reasonable

2

suspicion that the traveler possesses contraband, meaning customs officials must have a "particularized and objective basis" for their suspicion. <u>Montoya de Hernandez</u>, 473 U.S. at 541.

Defendant argues that a border search of the files on a personal computer, laptop, computer disk or other electronic storage device is a not a routine search and therefore requires a reasonable suspicion. <u>See</u> <u>United States v. Arnold</u>, — F. Supp. 2d —, 2006 WL 2861592, at *4 (C.D. Cal. Oct. 2, 2006) (search of computer hard drive nonroutine and requires reasonable suspicion because electronic storage devices implicate substantial privacy and dignity interests based on the amount of information they are capable of containing). However, the court need not determine whether a border search of a laptop is "routine" for purposes of the Fourth Amendment because, regardless, the magistrate judge correctly found the customs official had a reasonable suspicion in this case. <u>Cf.</u> <u>United States v. Irving</u>, 452 F.3d 110, 124 (2d Cir. 2006) (declining to decide whether search of computer disks and film is routine because reasonable suspicion existed); <u>United States v. Roberts</u>, 274 F.3d 1007, 1012 (5th Cir. 2001) (assuming search to be nonroutine but affirming district court's holding on reasonable suspicion).

At the suppression hearing, the customs officer testified that after he received a binding declaration from defendant he became aware that defendant had been referred to secondary baggage control

because he was suspected of purchasing access to a child pornography website. (Supp. Tr. at 13.) Upon performing a routine search of defendant's luggage, the customs officer located a laptop and external hard drive and gained access to the laptop with defendant's assistance. The court finds that the customs officer had a reasonable suspicion to search the laptop for child pornography based upon the information he received regarding defendant's suspected activity. Therefore, the magistrate judge correctly concluded that suppression of the evidence seized is not warranted, and the court denies defendant's motion.

**II. Motion to Suppress Statements**

Defendant does not object with any specificity to the magistrate judge's recommendation that his motion to suppress the statements he made during the customs inspection be denied. The court finds the magistrate judge's report is well reasoned and correctly applies the law to the facts of this case. Therefore, the court adopts the magistrate judge's recommendation and denies defendant's motion to suppress statements.

**III. Motion to Dismiss Indictment**

Defendant moved for a bill of particulars or, in the alternative, to dismiss the indictment for vagueness. The magistrate judge denied the motion for a bill of particulars and recommends that the court deny defendant's motion to dismiss the indictment. Defendant objects, arguing the indictment is

4

unconstitutionally vague as to which images he is being prosecuted for.  The court disagrees.  The indictment charges defendant with transportation of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1).  The indictment informs defendant of each element of the offense for which he is charged and identifies with specificity eighteen image files that are the basis of that offense.  The fact that the indictment states that the offense conduct "includes but is not limited to" those eighteen files does not render it unconstitutionally vague.  Furthermore, the court finds that the indictment comports with the requirements of Federal Rule of Criminal Procedure 7(c)(1).  Therefore, the court adopts the magistrate judge's recommendation and denies defendant's motion to dismiss the indictment.

## CONCLUSION

Following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge [Docket No. 54].  Therefore, **IT IS HEREBY ORDERED** that:

1.   Defendant's motion to dismiss indictment for failure to state an offense [Docket No. 35] is denied.

2.   Defendant's motion to suppress statements, admissions and answers [Docket No. 38] is denied.

      3.    Defendant's motion to suppress evidence [Docket No. 42] is denied.

Dated:  November 16, 2006

                                            <u>s/David S. Doty</u>
                                            David S. Doty, Judge
                                            United States District Court