UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | DEFENDANT NOBUMOCHI FURUKAWA'S |
| | ) | SUPPLEMENTAL MOTION FOR |
| vs. | ) | SUPPRESSION OF EVIDENCE |
| | ) | |
| Nobumochi Furukawa, | ) | Criminal 06-145 (DSD/AJB) |
| | ) | |
| Defendant. | ) | |

\* \* \*

Defendant Nobumochi Furukawa, through his counsel, Daniel L. Gerdts, Esq., respectfully renews his motion for suppression of evidence on the ground that the government agents violated his rights under the Fourth Amendment to the United States Constitution through their search and seizure of Defendant's computer and peripherals at issue in this case. In its Order of 26 January 2007 (Docket No. 120) this Court stated that it would "not address the merits" of several pro se motions filed by Defendant, and directed that Defendant consult with his new attorney, after a review of the Court's previous rulings, to assess whether the "new legal challenges" had sufficient merit to warrant a motion signed and filed by his new lawyer. The motions were then denied as moot.

Undersigned counsel has since conducted a review of this Court's Order denying Defendant's motion for suppression, as well as the magistrate's report and recommendation on the same issue, and the transcript of proceedings and evidence on which those decisions rest. Based on

that review, and on the relevant legal precedent, undersigned counsel believes suppression may still be warranted on one ground raised by Defendant, but not ruled on by the Court or decided by the magistrate. That ground is the failure of the Government to offer any proof to support the finding of reasonable suspicion on which this Court rested its ruling.

The magistrate judge found that "reasonable suspicion to justify the computer search existed on the basis of the alert indicating that defendant may have purchased access to a [sic] Internet site that contained child pornography." Report and Recommendation at 6. This Court concurred with that finding, noting that "the magistrate judge correctly found the customs official had a reasonable suspicion in this case." Order (Docket No 81) at 3. This Court further found that "the customs officer had a reasonable suspicion to search the laptop for child pornography based upon the information he received regarding defendant's suspected activity." *Id.* at 4.

As Defendant has correctly noted, however, "when evidence is uncovered during a search . . . in reliance merely on a flyer or bulletin, its admissibility turns on whether the officers who *issued* the flyer possessed probable cause . . . ." *United States v. Hensley*, 469 U.S. 221, 231 (1985) (discussing *Whitely v. Warden*, 401 U.S. 560 (1971)). When a "flyer has been issued in the absence of a reasonable suspicion, then a stop in the objective reliance upon it violates the Fourth Amendment." *Id.* at 232. In other words, if the unknown persons who caused the customs computer to carry the alert at issue in this case really did have knowledge of facts constituting reasonable suspicion, then the conduct of the customs officials who relied on the alert did not violate the Constitution. But if the "alert" was itself based on facts not rising to the level of reasonable suspicion then the search violated the Constitution and the evidence must be suppressed.

Of course, the burden of proving that its searches and seizures comported with the requirements of the constitution rests with the government. *United States v. Rouse*, 148 F.3d 1040, 1041 (8th Cir. 1998); *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). In this case, the Government not only failed to meet that burden of proof, it did not even try. Indeed, it failed to

offer any evidence whatsoever as to what the alleged alert really said, who had issued it, or what the facts were upon which the unidentified officer rested his or her decision to post it.  Indeed, it is clear from this record that the person who posted the "alert" was not present at the hearing; the record does not even confirm that the alleged alert was actually posted by a human at all.

Because there are no facts or evidence in the record to support the finding of "reasonable suspicion" alleged to have given rise to an ambiguous and anonymous "alert," it cannot justify the search and seizure at issue, and the fruits of that search and seizure should be suppressed.

Dated: 24 April 2007

Respectfully submitted,

Brink & Gerdts, P.A.

s/ *Daniel L. Gerdts*

---

Daniel L. Gerdts (207329)
Suite 110, TriTech Center
331 Second Avenue South
Minneapolis, Minnesota 55401
(612) 371-0722

ATTORNEYS FOR DEFENDANT