UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-145(DSD/AJB)

United States of America,

        Plaintiff,

v. **ORDER**

Nobumochi Furukawa,

        Defendant.

This matter is before the court upon the supplemental motion of defendant Nobumochi Furukawa to suppress evidence. For the reasons that follow, the court denies the motion as untimely.

On May 24, 2006, the court ordered that pretrial motions be filed by June 12, 2006. Following two continuances, on August 9 defendant moved to suppress his statements and admissions and the evidence obtained as a result of the search of his laptop. On August 17, Magistrate Judge Arthur J. Boylan held a suppression hearing on the issues raised by defendant and recommended that defendant's motions be denied. Defendant timely objected to the magistrate judge's recommendation. On November 3, defendant filed a supplemental memorandum of law in support of his objections to the report and recommendation, arguing that searches of electronic storage devices and files on personal laptops are not routine border searches and therefore must be supported by a reasonable suspicion of criminal activity. On November 16, the court denied defendant's motion to suppress on the basis that the customs

officer who searched defendant's laptop had a reasonable suspicion that defendant possessed child pornography based on testimony at the suppression hearing that customs officials received a computer alert that he had accessed websites containing child pornography.

Following additional continuances of trial and the assignment of new court-appointed counsel, trial is scheduled to commence on May 7, 2007. Current counsel for defendant made a notice of appearance in this action on December 22, 2006. On April 25, 2007, defendant filed a supplemental motion to suppress the evidence seized in this case, challenging for the first time whether the computer alert that triggered the customs officers' suspicion was based on probable cause. Defendant argues that the government has the burden to prove that the computer alert was supported by probable cause and failed to introduce any evidence at the suppression hearing on this issue.

Under Federal Rule of Criminal Procedure 12(c), the court may set deadlines for the filing of pretrial suppression motions and a party waives any "defense, objection, or request not raised by the deadline." The court has discretion to excuse waiver upon a showing of good cause for failing to comply with the deadlines imposed. See United States v. Salgado-Campos, 442 F.3d 684, 686 (8th Cir. 2006) (retaining new counsel subsequent to pretrial deadlines motion did not establish good cause to justify two-month delay); Fed. R. Crim. P. 12(e).

2

Defendant's supplemental motion to suppress is untimely, and defendant has therefore waived the issue of whether the computer alert was supported by probable cause. Defendant has not established good cause to excuse his failure to comply with the pretrial deadlines in this case. Although defendant's counsel was appointed subsequent to the suppression hearing, he was appointed four months prior to raising the new and independent suppression issue. Defendant was well represented by previous court-appointed counsel throughout the suppression hearing and in objecting to the magistrate judge's report and recommendation. Absent a showing of good cause, the court denies defendant's motion.

Therefore, **IT IS HEREBY ORDERED** that defendant's supplemental motion to suppress [Doc. No. 134] is denied.

Dated: May 7, 2007

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court